FILED

APR 17 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DWIGHT E. WYMAN,

    Petitioner,

v.

DIVISION OF ADULT PAROLE;
BRENDA CROWDING; TOM CASILLAS,

    Defendants.

No. C 12-0457 WHA (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a pro se civil rights complaint under 42 U.S.C. 1983 filed by a pretrial detainee at the Alameda County Jail. He has been granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendants have caused him to be imprisoned for violating the conditions of parole. He seeks money damages for his imprisonment because he contends that defendants should have not found that he violated parole.

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994). A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. *Id.*

1    When a state prisoner seeks damages in a section 1983 suit, the district court must
2 consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of
3 his continued confinement; if it would, the complaint must be dismissed unless the plaintiff can
4 demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at
5 487. It is clear from the complaint that plaintiff's conviction for violating parole has not been
6 invalidated, so it fails to state a cognizable claim under section 1983 and must be dismissed.
7 *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by *Heck* may
8 be dismissed sua sponte without prejudice).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. The clerk shall close the file and enter judgment.

**IT IS SO ORDERED.**

Dated: April 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\WYMAN0457.DSM.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DWIGHT E. WYMAN,

        Plaintiff,

v.

DIVISION OF ADULT PAROLE et al,

        Defendant.
_____/

Case Number: CV12-00457 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dwight Earl Wyman G25204
Santa Rita Jail
UHI 190
5325 Broder Blvd.
Dublin, CA 94568

Dated: April 19, 2012

                                      Richard W. Wieking, Clerk
                                      By: Lili M. Harrell, Deputy Clerk